UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 19-20674-CR-GAYLES

UNITED STATES OF AMERICA

vs.

FRANK ALVAREZ
_____/

**DEFENDANT'S UNOPPOSED MOTION FOR
MODIFICATION OF SUPERVISED RELEASE**

Defendant FRANK ALVAREZ, pursuant to 18 U.S.C. § 3383(e)(2) and for the reasons specified below, respectfully requests that the Court modify the terms of his supervised release by vacating "No New Debt Restriction" condition imposed at sentencing. *See* Amended Judgment (DE:852) at p.5. The *government does not oppose* Mr. Alvarez's request. Mr. Alvarez's probation officer defers to the Court.

Mr. Alvarez's unopposed motion is based on the following grounds:

1. In its Amended Judgment (DE:852), reducing Mr. Alvarez's term of imprisonment from 70 to 24 months, the Court included the "No New Debt Restriction" special condition of supervision, providing that Mr. Alvarez "shall not apply for, solicit or incur any further debt, *included but not limited to loans, lines of credit or credit cards,* either as principal or cosigner, as an individual or through any corporate entity, without first obtaining permission the United States Probation Officer."

2. This restriction is traditionally reserved for defendants convicted of certain financial crimes who may have *continuing financial obligations* towards victims or the government. At the time the PSR recommended the condition, it was unclear whether Mr. Alvarez would fall under that category.

1

3. However, Mr. Alvarez's sentence *did not* contain any such financial obligation. Consistent with the PSR, the Court did not impose a *fine, restitution, or forfeiture*. After paying the special assessment, which he did shorty after sentencing, Mr. Alvarez had no further financial obligations stemming from his conviction.

4. Mr. Alvarez surrendered to prison on February 5, 2025. He then successfully completed his term of imprisonment, five months at a half-way house, and another month in home confinement. He began supervised release on April 4, 2025. Mr. Alvarez was out on bond for four years before his sentencing and never had a problem. He has not had a problem now.

5. Mr. Alvarez is the manager of an automobile body shop in Hialeah. He draws a salary and rents a small apartment nearby. He and his fiancée are expecting a baby this summer. If he qualifies, he would like to be able to obtain credit cards and personal loans as needed to cover his growing personal and family living expenses. His related "Financial Disclosure Requirement" will remain in place, so Mr. Alvarez's probation officer will have *monthly reports* reflecting his financial picture, including income, debts and expenses.

6. Under these circumstances, the "no new debt" condition is unnecessary and creates needless obstacles to Mr. Alvarez's ability to go on with his life as a responsible and full member of society.

7. As previously stated, the government has *no objection* to Mr. Alvarez's request.

8. A proposed Order is attached for the Court's convenience.

WHEREFORE Mr. Alvarez requests that the Court vacate the "No New Debt Restriction" condition of his supervised release.

Respectfully submitted,

JOAQUIN MENDEZ, P.A.
251 Valencia Ave. No. 141447

        Coral Gables, Florida 33114
        Telephone (305) 606-5193
        By:
        *s/ Joaquin Mendez*
        Joaquin Mendez, Esq.
        Florida Bar No. 0814652
        jm@jmendezlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of April 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

        *s/ Joaquin Mendez*
        Joaquin Mendez